## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

BIRDELLA LOVE RAHHAL,

     Plaintiffs,

v.

U.S. JEW LAW INFORCE – OKEMAH,

     Defendant.

Case No.21-CIV-086-RAW

## OPINION AND ORDER

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 3].

Plaintiff's Motion to Proceed *In Forma Pauperis* indicates that she is unemployed and unmarried.   She owns no real property, a vehicle valued at $1,000 and has no money in the bank. She purportedly receives $1,090.00 gross per month from The U.S. Jew Govt IRS-Amen and reports no monthly debt obligations but "might need to find a home soon." Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

Plaintiff is proceeding *pro se*  in this matter.   The court construes liberally the pleadings of all *pro se* litigants.   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Complaint

Plaintiff filed her Complaint against the Defendant, stating as follows:

> The hurry need a clean up of egyptians…cattle, dogs cats trailer living and every races in own.  Countrys to stay now not later our Jew life livelihood have been brokedown by other races trashes evils doings want out now..

Plaintiff alleges in her Complaint "the evil thing is out been out of control need reign in to stays;" however, she cites no specific allegations nor requests any discernible relief from the court.   The essence of Plaintiff's claim seems to revolve around certain violations by loose Egyptian cattle and a trailer house on her birthright property.

In the Complaint, Plaintiff cites numerous Bible verses, but sets forth no arguable claim, nor set of facts which would constitute a claim in law or fact, against the Defendant, U.S. Jew Law Inforce – Okemah.   The relief sought by Plaintiff is stated as follows:   "My own God given right always not what others want who don't belong here."

### 28 U.S.C. § 1915

Plaintiff's arguments are quite similar to what the Tenth Circuit has rejected as "hackneyed tax protester refrain." *United States v. Chisum*, 502 F.3d 1237, (10th Cir. 2007). Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact."

Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id*. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

3

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain:   (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).   To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## Conclusion

In this case, the tirade of indistinguishable claims and circumlocution employed by Plaintiff in expressing her allegations, along with her method of designating a defendant leaves the court attempting to sort out what she is asserting and against whom.   Further, the relief she is seeking and the basis for the court's jurisdiction are indeterminable.   The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

IT IS THEREFORE ORDERED as follows:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED.

4

2. Plaintiff's action is found to be frivolous and fails to state a claim upon which

relief can be granted and the matter is therefore dismissed without prejudice.

Dated this 23rd day of August, 2021.

_____

**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**